UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>              Plaintiff,<br><br>       v.<br><br>STEPHEN COLOMBO,<br><br>              Defendant. | Case No. 2:21-cv-00576-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 7<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

   Plaintiff, a county inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. He alleges that he was involved in an altercation in July 2020 that resulted in his arrest by the Sacramento County Police Department. He asks this court to order his release, contending that there is insufficient evidence to support the criminal charges brought against him. Because this court is not permitted to interfere with plaintiff's ongoing state criminal proceedings, I recommend the complaint be dismissed without leave to amend. I also grant plaintiff's motion to proceed *in forma pauperis*.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's allegations demonstrate that he is attempting to challenge his ongoing state criminal proceedings. ECF No. 1.[1] In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme

---

[1] Several months after he commenced this action, plaintiff filed three documents—a "letter," a "supplement to the complaint," and a "notice regarding relief demand"—that contain

Court held that a federal court generally cannot interfere with pending state criminal proceedings. This principle, referred to as the "*Younger* Abstention Doctrine," is based on federal-state comity. *See id*. *Younger* requires a district court to dismiss a federal action if the state proceedings: (1) are ongoing, (2) implicate important state interests, and (3) provide plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). These elements are satisfied here: plaintiff's criminal proceeding is ongoing, the proceeding implicates important state interests, and there is no indication that plaintiff could not raise his federal claims in his criminal cases. Further, plaintiff does not allege extraordinary circumstances warranting federal intervention. *See Younger*, 401 U.S. at 45. Therefore, I recommend that this action be dismissed because plaintiff challenges aspects of an ongoing state case that must be raised in the state proceedings. *See id.* at 46.

Furthermore, I note that plaintiff may not seek to be released from jail through a § 1983 action. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curium). A habeas corpus petition, rather than a § 1983 claim, is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

For the above-stated reasons, I recommend dismissing plaintiff's complaint without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that plaintiff's request to proceed *in forma pauperis*, ECF No. 7, is granted. The clerk of court assign a District Judge to this action.

---

additional allegations. ECF Nos. 8, 9 & 10. Allegations raised outside the complaint generally will not be considered. Nevertheless, I have reviewed these documents, which indicate that plaintiff seeks to challenge his criminal proceedings.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.

2. The Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  October 18, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4